**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for LENA MACIAS, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LENA MACIAS, | Case No. 20-cv-218 |
| Plaintiff, | *Civil Rights* |
| vs. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| QUIK STOP MARKETS, INC., a California corporation; WILLIAM SCHARFEN, an individual; and DOES 1-10, inclusive, | |
| | **REQUEST FOR JURY TRIAL** |
| Defendants. | |

## INTRODUCTION

1. It has been over twenty-five years since President Bush signed into law the Americans with Disabilities Act ("ADA"), establishing the most important civil rights law for persons with disabilities in our country's history. One of the principal goals of the ADA is the integration of people with disabilities into the country's economic and social life. U.S.C. §12101(a). Despite this long-standing mandate, Defendants QUIK STOP MARKETS, INC., a California corporation; WILLIAM SCHARFEN, an individual; and DOES 1-10, inclusive, the owners, operators, lessors, lessees, franchisors, and/or franchisees of a convenience-store and its facilities commonly known as Quik Stop and located at or about 1105 Leeward Dr, San Jose, CA 95122 ("Quik Stop"), have failed in their obligation to provide disabled persons like Plaintiff LENA MACIAS with full and equal access to their goods and services in violation of Title III of the ADA. On information and belief, Defendants failed to construct and/or renovate their public facilities in a readily accessible manner, and failed in their continuing obligation to remove readily achievable architectural barriers that prevent physically disabled patrons being able to use and benefit from Defendants' public facilities in a full and equal manner as able-bodied customers. In so doing, Defendants have also violated California civil rights laws, including the California Health and Safety Code ("Health & Safety Code"); the Unruh Civil Rights Act ("Unruh Act"); and the California Disabled Persons Act ("Disable Persons Act").

2. As a result of Defendants' discriminatory acts and omissions, Plaintiff has and will continue to suffer damages and be prevented from accessing and using Defendants' goods, services, and facilities to the same extent as, and in a manner equal to, her able-bodied peers. Through this lawsuit, Plaintiff's primary goal is to remove physical barriers and modify discriminatory policies that deny her and other mobility impaired patrons from "full and equal" access to Defendants' public facilities as required by law. Plaintiff also seeks compensation for her injuries as the result of Defendants' discriminatory conduct and actions/inactions.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of the Health & Safety Code § 19955 *et seq.* and the Unruh Act, Cal. Civ. Code § *51 et seq.*

4. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### INTRADISTRICT ASSIGNMENT

5. This case should be assigned to the San Jose intradistrict as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

### PARTIES

6. Plaintiff LENA MACIAS ("Plaintiff") is, and at all times relevant herein was, a qualified individual with a physical disability. Plaintiff suffers from, lupus, severe arthritis, spinal stenosis and diabetes. Plaintiff uses a walker and a wheelchair for mobility, possesses a disabled parking placard, and is a resident of San Jose, CA. Consequently, Plaintiff is a "person with a disability" or a "physically handicapped person" as defined under Department of Justice regulation 28 C.F.R. §36.104 and California Government Code § 12926. Plaintiff was denied her rights to full and equal access to the Quik Stop, and was denied her civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled individuals, including Plaintiff.

7. On information and belief, Defendants QUIK STOP MARKETS, INC., a California corporation; WILLIAM SCHARFEN, an individual; and DOES 1-10, inclusive, (collectively "Defendants") are, and at all times relevant herein were, the owners, operators,

lessors, lessees, franchisors and/or franchisees of the Quick Stop at located at or 1105 Leeward Dr, San Jose, CA 95122. The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

### FACTS UPON WHICH ALL CLAIMS ARE BASED

9. The Quik Stop and its facilities are "places of public accommodation" as defined under Title III of the ADA ("Title III"), 42 U.S.C. § 12181(7), and California civil rights laws, Cal. Civ. Code § 51 *et seq.* and Health & Safety Code § 19955 *et seq.*

10. Plaintiff and other similarly situated physically disabled persons are unable to access and use the goods, services, and facilities offered at the Quik Stop on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § 12181 *et seq.*; Health & Safety Code § 19955 *et seq.*, and California Code of Regulations, Title 24-2 ("Title. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are

protected by these laws.

11. Plaintiff lives about a half a mile from Quik Stop and has shopped there almost daily within the last two years including on February 11, 2019; March 7, 2019; April 8, 2019; August 11, 2019; and November 7, 2019. Plaintiff pays with either cash, food stamps, or a debit card. Plaintiff usually purchases snacks, ice, water, milk, and other basic items. During her visits to Quik Stop, Plaintiff was persistently denied full and equal access to Defendants' goods and services at Quik Stop because Quik Stop was not, and currently is not, accessible to persons with physical disabilities, including Plaintiff. Plaintiff encountered accessibility barriers, structural in nature during her visits to Quik Stop. Namely, Plaintiff had difficulties entering inside of Quik Stop because the front door closes too fast to allow Plaintiff enough time to get through the doorway. On at least two occasions, Plaintiff got her fingers caught in the door. Inside, Plaintiff had difficulties navigating in her wheelchair because the aisles were either too narrow or were constantly blocked by various items such as stacks of water bottles. Plaintiff complained of the accessibility difficulties she had to three different employees at Quick Stop. One of the employees simply ignored her. The other employee brushed her complaints aside by telling her that there was nothing he could do.  The third employee advised her that any such complaints need to be reported to management by Plaintiff. Plaintiff suffered difficulties, discomfort, and embarrassment during her visits  to the Quik Stop. Plaintiff lives in close proximity to Quik Stop, finds the prices there reasonable, and wants to be able to continue to shop at Quik Stop.

12. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access expert do an informal investigation of the Quik Stop's premises. While he could not make detailed measurements, he determined that the Quik Stop was also inaccessible in multiple other ways, including, but not limited to, the following:

- No path of travel from sidewalk
- Parking access aisle has slopes over 2%
- Parking has slopes over 2%
- Front door heavy

- Projections at door threshold
- Self-service items at food counters out of reach
- Cashier counter over 34"

13. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT - TITLE III

**(42 U.S.C. § 12101 *et seq.*)**

*(Against All Defendants and each of them)*

14. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 13 of this Complaint, and incorporates them herein as if separately repled.

15. In 1990, the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities," and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; and that the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an

equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(b).

16. Congress stated as its purpose in passing the Americans with Disabilities Act:

It is the purpose of this act:

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities;

(4) and to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. § 12101(b).

17. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181 *et seq.* Among "private entities" which are considered "public accommodations" for purposes of this title are sales and rental establishments. 42 U.S.C. § 12181(7)(E)

18. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19. Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA and its implementing regulations. Defendants' discriminatory conduct includes, but is not limited to:

A. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

B. Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

C. Failing to design and construct facilities built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards for Accessible Design (ADA Standards), 28 C.F.R. p. 36, app. A.; 42 U.S.C. § 12183(a)(1); 28 C.F.R. §§ 36.401 and 36.406(a);

D. Since January 26, 1992, failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities in accordance with the ADA Standards, 42 U.S.C. § 12183(a)(2), 28 C.F.R. §§ 36.402, 36.403, and 36.406(a); and

E. Since July 26, 1991, failing to comply with the ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers at facilities where such removal is "readily achievable." 42 U.S.C. § 12182(a)(2)(A)(iv), 28 C.F.R. § 36.304.

20. Upon information and belief, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Code §44 and §190, which apply to the costs of barrier removal.

Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. §§ 12188 and 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION:

## HEALTH & SAFETY CODE § 19955 *et seq.*

### *(Against All Defendants and each of them)*

21. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 20 of this Complaint, and incorporates them herein as if separately repled.

22. The Health & Safety Code § 19955 *et seq.* was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with § 4450) of Division 5 of Title I of the Government Code." Such public accommodations are defined as any "building, structure, facilities, complex, or improved

area that is used by the general public...," Health & Safety Code § 19955.5; and also includes curbs and sidewalks intended for public use, Health & Safety Code § 19956.5.

23. On information and belief, the Quik Stop and its facilities have undergone construction and/or alterations after January 1, 1982 that triggered access requirements pursuant to Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Quik Stop, undergo an "alteration, structural repair or addition." On information and belief, Defendants did not comply with the access requirements, which Title 24-2 imposes on renovated and remodeled facilities, including, *but not limited to,* the requirements for accessible parking.

Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION:**

**UNRUH CIVIL RIGHTS ACT**

**(CAL. CIV. CODE § 51 *et seq.*)**

***(Against All Defendants and each of them)***

24. Plaintiff repleads and incorporates by reference the allegations contained in Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25. The Quik Stop and its facilities are business establishments and, as such, must comply with the provisions of the Unruh Act. Cal. Civ. Code § 51 *et seq.*

26. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

27. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

28. Defendants have violated the Unruh Act by, *inter alia,* denying, aiding, or inciting the

1  denial of Plaintiff's rights to full and equal use of the accommodations, advantages, facilities,
2  privileges, or services offered at the Quik Stop.
3      29. Defendants have also violated the Unruh Act by denying, aiding, or inciting the
4  denial of Plaintiff's rights to equal access arising from the provisions of the California state
5  accessibility regulations and the ADA.
6      Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff
7  prays for judgment as set forth below.

**FOURTH CAUSE OF ACTION:**
**DISABLED PERSONS ACT**
**(CAL. CIV. CODE § 54 *et seq.*)**
*(Against All Defendants and each of them)*

13      30. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the
14  allegations contained in Paragraphs 1 through 29 of this Complaint, and incorporates them herein
15  as if separately repled.
16      31. The Quik Stop is a place of public accommodation and/or places to which the general
17  public is invited and, as such, they are obligated to comply with the provisions of the Disabled
18  Persons Act ("CDPA"), California Civil Code § 54 *et seq.*
19      32. The CDPA guarantees, inter alia, that persons with disabilities have the same right as
20  the general public to the full and free use of the streets, highways, sidewalks, walkways, public
21  buildings, public facilities, and other public places. California Civil Code § 54.
22      33. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full
23  and equal access, as other members of the general public, to accommodations, advantages,
24  facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).
25      34. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA,
26  California Civil Code § 54.1(d).
27      35. Defendants have violated the CDPA by, inter alia, denying and/or interfering with

Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to her disability.

Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3, Plaintiff prays for judgment as set forth below.

### *PRAYER FOR RELIEF:*

WHEREFORE, Plaintiff prays that this court award damages and provide relief as follows:

1. Issue a permanent injunction[1] directing Defendants as current owners, operators, lessors, and/or lessees of the property and premises to modify the above described property and premises and related facilities so that each provides full and equal access to Plaintiff and issue a permanent injunction directing Defendants to provide and *maintain* facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, including appropriate changes in policy;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

4. Award to Plaintiff all reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award to Plaintiff prejudgment interest;

6. A declaration that Defendants have violated the Americans with Disabilities Act; and

7. Grant such other and further relief as this Court may deem just and proper.

---

[1] Plaintiff does not seek relief under Civ. Code §55

Dated: January 9, 2020          /s/  Irakli Karbelashvili
                                Irakli Karbelashvili, Attorney for Plaintiff
                                LENA MACIAS

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: January 9, 2020          /s/  Irakli Karbelashvili
                                Irakli Karbelashvili, Attorney for Plaintiff
                                LENA MACIAS